**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BENJAMIN ESPINOSA, | ) | 3:14-CV-0668-RCJ (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 5, 2016 |
| | ) | |
| ROBERT BANNISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiff's motion for waiver of service upon defendants (#68) is **DENIED as moot**. Plaintiff is currently housed at Lovelock Correctional Center.  E-filing is mandatory for civil rights cases filed in the U.S. District Court for the District of Nevada by inmates at Lovelock Correctional Center.  Therefore, plaintiff does not need to seek this court's order to serve defense counsel by electronic filing as such is standard procedure for those prisons utilizing e-filing.

Plaintiff's motion for reconsideration (#70) for additional copywork credit is **GRANTED in part**.  The court will allow plaintiff to again exceed his photocopy limit in the additional amount of $10.00 in this case.  The additional $10.00 shall be added to plaintiff's prison account to be paid when plaintiff has funds available.  The court cautions plaintiff that he should carefully consider the documents he intends to copy as the court will not again allow plaintiff to exceed the copy limit.   The Clerk shall mail a copy of this order to Chief of Inmate Services for NDOC, P.O. Box 7011, Carson City, Nevada 89702.

Plaintiff's motion for appointment of counsel (#99) is **DENIED** for the reasons set forth in the court's previous orders #s 20 and 49.

Finally, plaintiff is advised that his habit of filing new motions that are, in substance, identical to motions he has already filed, and/or filing motions seeking "updates" or immediate action on pending motions will not increase the speed with which the court is able to proceed in this case.  The court has a heavy docket.  Plaintiff's case is just one of hundreds before the court.  Thus, plaintiff's repetitive (and borderline frivolous) filings only *slow* the pace of this litigation

by requiring the court's attention and consideration of small and secondary matters instead of the central issues in this case.

The court has been lenient because plaintiff is a *pro se* party. However, this does not give plaintiff a blank check to clutter the docket. *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3-4, 5-6 (D. Nev. Jan. 28, 2013). Plaintiff is warned that his status as an indigent litigant will not dissuade the court from considering sanctions against him for filing groundless and duplicative motions.

**IT IS SO ORDERED.**

                                            LANCE S. WILSON, CLERK

                    By:          /s/
                             Deputy Clerk