# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BENJAMIN W. ESPINOSA,<br><br>  Plaintiff,<br><br>  vs.<br><br>ROBERT BANNISTER et al.,<br><br>  Defendants. | 3:14-cv-00668-RCJ-VPC<br><br>**ORDER** |

Plaintiff Benjamin Espinosa is a prisoner in the custody of the Nevada Department of Corrections.  His remaining claim under 42 U.S.C. § 1983 is based on Defendants' alleged deliberate indifference to his testicular pain in violation of the Eighth Amendment.  The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that the Court: (1) deny Defendants' motion for judgment on the pleadings, as well as Plaintiff's motion to file a surreply thereto (as moot); (2) deny Plaintiff's motion to amend to add a medical malpractice claim; (3) grant Plaintiff's motion to dismiss Defendants Gedney and Johns; (4) deny Plaintiff's motion to supplement his opposition to Defendants' motion for summary judgment; (5) deny Plaintiff's motion to strike Defendants' argument under the statute of limitations; (6) grant in part Plaintiff's motion to strike Defendants' reply to their motion for summary judgment as to the argument that Defendant Scott is protected by the statute of limitations, but otherwise deny it; (7) grant Defendants' motion for summary judgment as to the

deliberate indifference claim against Defendants Mar and Donnelly but deny it as to Defendants Bannister, Poag, and Scott and deny it as moot as against Defendants Gedney and Johns; (8) deny Plaintiff's motion for a preliminary injunction; (9) deny Plaintiff's motion for summary judgment; and (10) deny Plaintiff's motion for sanctions.  The Court adopts the R&R in part but respectfully rejects it in part and grants summary judgment to Defendants Bannister, Poag, and Scott.  The evidence produced on summary judgment cannot support a verdict of deliberate indifference but shows that the dispute concerns a difference of medical opinion.  There appears to be no dispute that Defendants have provided treatment for Plaintiff's medical condition by way of anti-inflammatory drugs, and that Plaintiff simply would prefer stronger painkillers, such as opioids.  Such a dispute sounds in medical malpractice, not cruel and unusual punishment.

     A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Assuming the medical need is "serious," a plaintiff must show that the defendant acted with deliberate indifference to that need. *Id.*  "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  It entails something more than medical malpractice or even gross negligence. *Id.*  Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).  Critically, "a difference of opinion between a physician and the prisoner—or between medical professionals—

concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). Instead, to establish deliberate indifference in the context of a difference of opinion between a physician and the prisoner or between medical providers, the prisoner "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* at 988 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

In other words, where there has been some arguably appropriate treatment, deliberate indifference cannot be established merely by showing disagreement with the physician but only by showing that the defendant chose a course of treatment knowing that it was inappropriate. Put differently, a court cannot substitute its judgment for that of a medical professional, but it can examine a medical professional's good faith in selecting a course of treatment. *Cf. United States v. Seeger*, 380 U.S. 163, 185 (1965) (holding that when examining a Free Exercise Clause claim a court cannot challenge the substantive correctness of a plaintiff's belief but may examine his earnestness in professing it).

Defendants have satisfied their initial burden on summary judgment by negating the subjective prong of a deliberate indifference claim in the present context. (*See* Scott Decl. ¶¶ 7–8, ECF No. 52-16 (attesting that the benign cyst suffered by Plaintiff, like a varicosity, was non-life-threatening, carried no risk of serious harm, did not require surgery, and required only monitoring and pain medication such as ibuprofen)). The Court finds that the evidence adduced by Plaintiff in his opposition to Defendants' motion for summary judgment does not create a genuine issue of material fact that any Defendant deliberately treated Plaintiff in a manner the Defendant knew or believed to be inappropriate. Defendant Scott responded to Plaintiff's

interrogatories that he prescribed ibuprofen due to Plaintiff's pain, found no abnormality in his scrotum, and ordered no tests because the condition was common and required no confirmatory tests. (ECF No. 69-1, at 8). He did not feel any referral to a specialist was required. (*Id.*). He also answered that Plaintiff did not claim he was in constant pain but that it was painful when his scrotum swelled and dropped, and that he believed ibuprofen was adequate for this condition, which he had seen many times in his 34 years of practice. (*Id.* at 9). His other responses are similar. Nothing indicates that he believed more should have been done but failed to do it. Defendant Poag's responses also reveal no deliberate indifference but only that he could identify no inadequacies in Plaintiff's medical care. (*See* ECF No. 69-1, at 17–20). Defendant Bannister's responses also reveal no deliberate indifference. (*See* ECF No. 69-1, at 35–40). He answered that the conditions diagnosed by Drs. Scott and Mar (faulty blood valves and a testicular cyst) were benign conditions. (*Id.* at 37). For the most part, he had no recollection of Plaintiff's particular case, noting that the treating physicians would have determined the need for treatment. (*Id.* at 38–39). Plaintiff adduces no evidence supporting a conclusion that Defendants did not hold these opinions in good faith. The Court therefore grants summary judgment to Defendants Bannister, Poag, and Scott.

The Court also respectfully disagrees that Defendants' arguments concerning the statute of limitations should be stricken from their reply brief because they were not raised in their motion. Even assuming the issue was raised for the first time in the reply brief without having been previously explored such that the Magistrate Judge was correct to treat the argument as having been waived, *see Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990), a reply brief is not a "pleading" to which Rule 12(f) applies, *see Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983), and in any case the argument is not "redundant, immaterial, impertinent, or scandalous," *see* Fed. R. Civ. P. 12(f).

# CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 94) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings (ECF No. 28) is DENIED, and Plaintiff's Motion for Leave to File a Surreply (ECF No. 35) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (ECF No. 33) is DENIED, and Plaintiff's Motion to Amend (ECF No. 86) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement his Opposition (ECF No. 78) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motions to Strike (ECF Nos. 66, 77) are DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (ECF No. 52) is GRANTED, and Plaintiff's Motion for Summary Judgment (ECF No. 72) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Preliminary Injunction (ECF No. 56) and Plaintiff's Motion for Sanctions (ECF No. 89) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Produce Docket Sheet (ECF No. 71), Motion to Produce Documents (ECF No. 76), and Motion for Leave to File Further Objections to Report and Recommendation (ECF No. 98) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 5th day of July, 2016.

_____
ROBERT C. JONES
United States District Judge